IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIDGET SMITH, RENE TAN, VICTOR CASTANEDA, KRISADA LUEAMRUNG, DAMON LOVETT, and WILLIAM CHALK, individually, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FLOOR AND DECOR OUTLETS OF AMERICA, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) Case No. 1:15-cv-04316-ELR ) ) ) ) ) ) ) ) ) |

## FINAL ORDER AND JUDGMENT

This matter is before the Court on the following motions: (1) plaintiffs' unopposed motion for final approval of the parties' proposed class action settlement, which was preliminarily approved by the Court; and (2) class counsel's fee application and request for approval of service awards. Having considered the written submissions and after hearing oral argument at the fairness hearing on January 10, 2017, the Court hereby grants plaintiffs'

unopposed motion for final approval of the parties' settlement[1] and grants class counsel's fee application and request for service awards to the class representatives.[2] The grounds supporting these rulings follow.

## BACKGROUND

(1)   This class action was filed by six individuals who bought Chinese-manufactured laminate flooring from Floor and Decor Outlets of America, Inc. Plaintiffs allege that Floor & Decor falsely advertised and warranted the flooring as complying with regulations restricting formaldehyde emissions issued by the California Air Resources Board known as the CARB standards. Plaintiffs seek monetary and injunctive relief on behalf of a national class, or in the alternative, separate state classes, for breach of express and implied warranties, fraudulent concealment, negligent misrepresentation, negligence, unjust enrichment, violation of the Magnuson-Moss Warranty Act, and violation of certain state consumer protection, false advertising, and unfair

---

[1] This Final Order and Judgment incorporates herein and makes a part hereof the Settlement Agreement, including the Exhibits thereto. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings for purposes of this Final Order and Judgment.

[2] This Court has personal jurisdiction over all Class Representatives, Class Members, and the Defendant for purposes of this settlement only, and has subject matter jurisdiction to approve the Settlement Agreement.

competition statutes. Floor & Decor denies any and all wrongdoing of any kind whatsoever, and denies any liability to Plaintiffs and to the settlement class. Floor & Decor stands by the safety and labeling of its products and maintains that all of its products comply with all applicable laws and regulations.

(2) Floor & Decor responded by moving to dismiss the complaint, asserting among other things that plaintiffs lack Article III standing, their tort claims are barred by the economic loss rule, the fraud claims are not pled with the requisite particularity, and the requisite pre-suit notice was not provided for the warranty claims. Separately, Floor & Decor moved to stay the action pending certain governmental action, including specifically the issuance by EPA of a national regulation concerning formaldehyde emissions from laminate flooring. Plaintiffs opposed both motions. Neither motion had been ruled upon when, on August 4, 2016, the parties announced they had reached a settlement.

(3) In an Order dated September 8, 2016, the Court preliminarily approved the Settlement Agreement, the proposed notice plan, and the settlement class. Pursuant to the plan approved by the Court, notice was disseminated to the class. One class member out of a class of more than 100,000 timely objected to approval of the settlement. No class member

objected to either the proposed award of fees and expenses to Class Counsel or the proposed service awards to the class representatives.

## SETTLEMENT TERMS

(4)   In broad brush strokes, the Settlement Agreement establishes a settlement fund of up to $14 million plus certain testing costs for the benefit of the Settlement Class, which is defined as "All End Users of Chinese Laminate Flooring sold by Floor and Decor between January 1, 2012 and August 1, 2015." Each class member is assigned to one of two subclasses. The Non-Testing Subclass is composed of those who purchased flooring made in one of three Chinese factories that allegedly produced certain non-CARB compliant flooring. The Testing Subclass is composed of those who purchased flooring made from other Chinese factories that allegedly lack a history of non-compliance with CARB standards. Members of both subclasses who file valid claims by the March 7, 2017 deadline are entitled to certain benefits.

(5)   Non-Testing Subclass members who file a valid claim may choose between a cash option and a store credit option. The cash option allows class members to receive $1.50 per square foot of flooring purchased. The store credit option allows class members to receive $3.00 per square foot of flooring purchased. Benefits for commercial users are capped at 5,000 square feet each.

(6) Testing Subclass members who file a valid claim are eligible to have their flooring tested at no expense to them and, if the testing establishes that formaldehyde emissions from their flooring exceed 0.084 parts per million, to receive the same benefits as Non-Testing Subclass members. All costs associated with testing will be paid either out of the settlement fund or separately by Floor & Decor.

(7) All costs of notice and claims administration will be paid by Floor & Decor out of the settlement fund. Court approved fees and expenses of class counsel and service awards to the class representatives will also be paid by Floor & Decor out of the settlement fund.

## APPROVAL OF CLASS NOTICE

(8) The class has been notified of the settlement pursuant to the plan approved by the Court. After having reviewed the Post-Notice Declaration of the Settlement Administrator, which was responsible for carrying out the notice program, the Court hereby finds that the notice was accomplished in accordance with the Court's directive. The Court further finds that the notice program constituted the best practicable notice to the settlement class under the circumstances and fully satisfies the requirements of due process, Fed. R. Civ. P. 23, and 28 U.S.C. § 1715.

## APPROVAL OF THE SETTLEMENT

(9) The Court finds that the parties' settlement is fair, reasonable and adequate in accordance with Rule 23; was reached at arm's length without collusion or fraud; and satisfies all of the requirements for final approval. The Court has considered the complexity, expense, and likely duration of the litigation if the settlement is not approved; the odds of the plaintiffs succeeding at trial balanced by the risks of continued litigation; the range of possible recovery if the case is tried; the opinions of class counsel and the class representatives; and the degree of opposition to the settlement.

(10) The Court further finds that the one timely objection to the settlement filed by Bertha Henderson is without merit. Ms. Henderson raises three concerns, namely that the settlement does not explicitly reimburse class members for the labor cost of replacing their flooring, the $3.00 store credit option is not also available in cash, and the settlement does not provide blood tests to check for formaldehyde levels. These concerns are based on the mistaken notion that a settlement failing to achieve complete relief should not be approved and ignores that a settlement is the product of compromise. Class Counsel have informed the Court that after unsuccessfully seeking to obtain further relief for the class, they concluded the relief Floor & Decor agreed to

provide is sufficient and insisting on further relief would not have resulted in a better deal, but no deal at all. The Court believes Class Counsel's conclusion was reasonable and appropriate.

(11) In short, the settlement is finally approved and the parties are directed to consummate the settlement in accordance with its terms.

## CERTIFICATION OF THE SETTLEMENT CLASS

(12) The Court hereby certifies, for settlement purposes only, the following settlement class: "All End Users[3] of Chinese Laminate Flooring sold by Floor & Decor Outlets of America, Inc. between January 1, 2012 and August 1, 2015." The Settlement Class includes two subclasses. The Non-Testing Subclass is defined as "All End Users of Chinese Laminate Flooring sold by Floor and Decor Outlets of America, Inc. between January 1, 2012 and August 1, 2015 with one of the product SKUs listed on Exhibit A of the Settlement Agreement." The Testing Subclass is defined as "All End Users of Chinese Laminate Flooring sold by Floor and Decor Outlets of America, Inc. between January 1, 2012 and August 1, 2015 with one of the product SKUs listed on

---

[3] "End Users" means persons or entities who purchased the Chinese-made laminate flooring listed in Exhibits A or B to the Settlement Agreement, either directly from Defendant or a third party, for their own use. End Users also include subsequent owners of the property in which the Chinese-made laminate flooring is or was installed.

Exhibit B of the Settlement Agreement." Excluded from the Settlement Class are: (1) persons who are employees, directors, officers, and agents of Defendant; (2) contractors who purchased the products listed in Exhibit A or Exhibit B to the Settlement Agreement primarily for purposes of resale; (3) persons or entities who purchased the products listed in Exhibit A or Exhibit B to the Settlement Agreement primarily for purposes of resale; (4) persons who timely and properly excluded themselves from the Settlement Class as provided by this Court's Preliminary Approval Order;[4] (5) any federal, state, or local governmental entity that would otherwise be a member of the Settlement Class; (6) anyone who has previously executed a release of all claims against Defendant related to the products listed in Exhibit A or Exhibit B to the Settlement Agreement and would otherwise be a member of the Settlement Class; and (7) the Court, the Court's immediate family, and Court staff.

(13) Based on the record before the Court, the Court hereby finds that the following class Plaintiffs are adequate representatives of the settlement class for settlement purposes only: Bridget Smith, Rene Tan, Victor Castaneda, Krisada Lueamrung, Damon Lovett, and William Chalk. In so holding, the

---

[4] No persons or entities, other than those listed on Exhibit A hereto, have excluded themselves from the Settlement Class. This Order shall have no force or effect on the persons or entities listed on Exhibit A hereto.

Court finds that the prerequisites of Rule 23(a) and (b)(3) have been satisfied for certification of the Settlement Class for settlement purposes only: the settlement class, which contains over one hundred thousand members, is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the settlement class; the claims of the settlement class representatives are typical of the claims of the absent settlement class members; the settlement class representatives and settlement Class Counsel have and will adequately and fairly protect the interests of the settlement class with regard to the consolidated claims of the settlement class; and the common questions of law and fact predominate over questions affecting only individual settlement class members, rendering the settlement class sufficiently cohesive to warrant a class settlement.

(14)   In making all of the foregoing findings, the Court has exercised its discretion in certifying a settlement class.  Defendant has preserved all of its defenses and objections against and rights to oppose certification of a litigation class if the settlement does not become final and effective in accordance with the terms of the Settlement Agreement.  Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by Defendant, or an admission regarding the propriety of any certification of any particular

class for purposes of litigation, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order, or by any Released Party in connection with any action asserting Released Claims.

(15) Dan Bryson, Kenneth Canfield, Alexander Robertson and Robert Ahdoot have adequately represented the Settlement Class and are hereby appointed as settlement Class Counsel. Bridget Smith, Rene Tan, Victor Castaneda, Krisada Lueamrung, Damon Lovett and William Chalk are hereby appointed as settlement class representatives.

## APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

(16) The Court hereby grants to Class Counsel an award of fees and expenses in the amount of $4,666,666.67 as provided in the Settlement Agreement, which the Court finds to be fully supported by the facts and applicable law. This amount shall be paid by Floor & Decor to class counsel within 3 business days of the Effective Date as that term is defined in the Settlement Agreement.

(17) The Court finds that the parties' agreement with regard to the payment of fees and expenses was not negotiated while they were negotiating the other terms of the Settlement Agreement and that the agreement was not the

product of collusion or fraud. In fact, the amount of attorneys' fees to be paid by Floor & Decor was proposed after the other terms of the settlement had been agreed upon. As a result, the parties' agreement is entitled to substantial weight. *See, e.g., Strube v. Am. Equity Inv. Life Ins. Co.*, No. 6:01-cv-1236, 2006 WL 1232816, at *2 (M.D. Fla. May 5, 2006); *Elkins v. Equitable Life Ins. Co.*, No. CivA96-296, 1998 WL 133741, at *34 (M.D. Fla. Jan. 27, 1998).

(18) The requested fee is justified under the percentage of the benefit approach adopted by the Eleventh Circuit in *Camden I Condominium Ass'n, Inc. v. Dunkle,* 946 F.2d 768 (11th Cir. 1991). This fee represents less than one third of the total benefit to the class. In approving the requested fee, the Court has considered the factors listed in *Camden I,* including the time and labor involved; the questions and difficulty of the questions involved; the skill needed to perform the services properly; the preclusion of other employment; the customary fee; the fact that the fee was entirely contingent on a successful outcome; the time limitations imposed by the circumstances; the amount involved and the results obtained; the experience, reputation and ability of the attorneys; the nature and length of the relationship between class counsel and the named representatives; awards in similar cases; the lack of any objections by class members; the risk undertaken by Class Counsel; and the economics

involved in prosecuting class actions. All of these factors support the fee requested here.

(19) The requested fee is also supported by a lodestar analysis. Class Counsel report that they have already recorded a combined total of more than 3000 hours having a value in excess of $1.8 million based upon their customary hourly rates and that they will incur additional time before the case is finally concluded. The reasonableness of this time and the hourly rates has been attested to by a prominent member of the Atlanta bar after reviewing the relevant documents and work done. Under the lodestar analysis approach, courts typically award a multiple of the lodestar, reflecting such matters as the risk involved and the contingent nature of the fee. *See, e.g., Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 696 (N.D. Ga. 2001) (noting that multipliers range from less than two to more than five times the reasonable hourly charges). The requested fee amounts to Class Counsel's lodestar plus a multiplier of roughly 2.5, well within the accepted range.

(20) Class Counsel have provided declarations specifying that they have incurred $167,335.22 in the prosecution of this litigation on behalf of the class. The Court finds their expenses were reasonably and necessarily incurred and, as a result, Class Counsel are entitled to reimbursement for their expenses as part

of the award of $4,666,666.67.

## SERVICE AWARDS

(21) The Settlement Agreement provides that Floor & Decor, subject to the Court's approval, will pay $3,000 to Bridget Smith, Rene Tan, Victor Castaneda, Krisada Lueamrung, Damon Lovett, and William Chalk for their service as settlement class representatives. The Court finds that payment of service awards is appropriate in this case in light of their work on behalf of the class and that no class member has objected to these service awards. Accordingly, the Court hereby approves the awards. *See, e.g., In re Checking Account Overdraft Litigation,* 830 F. Supp. 2d 1330 (S.D. Fla. 2011); *Ingram,* 200 F.R.D. at 695-96. Floor & Decor is directed to pay to Class Counsel the sum of $18,000 for this purpose in accordance with the terms of the Settlement Agreement and, in turn, class counsel are directed to make the payments of $3,000 to each of the class representatives.

## FINAL JUDGMENT

(22) Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement set forth in the Settlement Agreement, and finds that the Settlement, the Settlement Agreement, and the plan of distribution of

the Settlement funds are in all respects fair, reasonable, and adequate, and are in the best interest of the settlement class.

(23) Upon the Effective Date of the Settlement Agreement, the Released Persons shall be released and forever discharged by the Class Releasors from all Released Claims.  In addition, each Class Releasor expressly waives and releases, upon the Effective Date of the Settlement Agreement, any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. <u>Certain claims not affected by general release.</u>  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor; or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

Each Settlement Class Member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of the Settlement Agreement, but each Settlement Class Member expressly waives and fully, finally and forever settles and releases, upon this Order becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent Released Claims with respect to the subject matter of the

Settlement Agreement whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Class Releasor also hereby expressly waives and fully, finally and forever settles and releases any and all Released Claims it may have against the Released Parties under § 17200, et seq., of the California Business and Professions Code.

(24) Released Claims do not include any claim for actual personal injury arising from the installation, use, removal, exposure to, and/or replacement of Chinese-made laminate flooring sold by Floor & Decor. In any such action for actual personal injury, Settlement Class members may not, however, claim or recover restitution or other economic damages allegedly attributable to their purchase, installation, use, removal, exposure to, and/or replacement of Chinese-made laminate flooring sold by Floor & Decor.

(25) By reason of the settlement, and there being no just reason for delay, the Court hereby enters final judgment in this matter. Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment,

and for any other necessary purpose.  Class Representatives, Defendant, and each member of the Settlement Class are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Agreement, including the Exhibits thereto, and only for such purposes.  Without limiting the generality of the foregoing, and without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over any such suit, action or proceeding.  Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

(26) Pursuant to the terms of the Settlement Agreement, this action is dismissed with prejudice as against the named plaintiffs, all members of the Settlement Class and the Defendant. The parties shall bear their own costs except as provided by the Settlement Agreement.  It is further adjudged that the named plaintiffs, on behalf of themselves and members of the class, shall be deemed conclusively to have compromised, settled, discharged, dismissed, and

released any and all rights, claims, or causes of action against the Released Parties as provided for in the Settlement Agreement. No Settlement Class member, either directly, representatively or in any other capacity (other than a Settlement Class member who validly and timely elected to be excluded from the Settlement Class), shall commence, continue or prosecute against any or all Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims defined in the Settlement Agreement, and are hereby permanently enjoined from so proceeding.

(27) The fact that the parties have reached a settlement and that they have participated in proceedings related to the settlement are not and should not be (i) offered or received as evidence of a presumption, concession, or an admission by any party, or (ii) offered or received as evidence of a presumption, concession, or any admission of any liability, fault, wrongdoing or other dereliction of duty; provided, however, that reference may be made to the Settlement Agreement as may be necessary to effectuate or enforce its provisions.

(28) In the event that the Settlement does not become effective according to the terms of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be

vacated and, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Unopposed Motion for Final Approval (Doc. No. 66) and Plaintiffs' Motion for Attorneys' Fees and Expenses (Doc. No. 67).

**SO ORDERED**, this 10th day of January, 2017.

*/s/ Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

# EXHIBIT A

| Name | City | State |
|---|---|---|
| Martin Bayse | Clearwater | FL |
| Valerie Murray | Frankfort | IL |
| Kimberley O'Neal | New Orleans | LA |
| Weylin O'Neal | New Orleans | LA |
| Melissa Perkins | Tamarac | FL |
| Natalie Perkins | Tamarac | FL |
| Zachary Perkins | Tamarac | FL |